CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2013

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| COREY JERMAINE SMITH, | ) | CASE NO. 7:13CV00329 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| LT. ELY, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

This matter is before the court on plaintiff's "motion for injunction," which the court construes as a motion for preliminary injunctive relief.[1] Plaintiff Corey Jermaine Smith, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials used excessive force against him on July 18, 2012. The court has recently attempted service on the defendant prison officials through notice of waiver, and defendants have not yet waived service or responded to the complaint. In his current motion, Smith demands a court order directing defendants "not to destroy or tamper with" certain video footage related to the alleged excessive force incident. After review of the record, the court concludes that Smith has failed to demonstrate that the video preservation issue warrants a preliminary injunction and denies his motion.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 21 (2008). A showing of a

---

[1] By separate order, the court will address plaintiff's other pending motions, regarding amendment, discovery, and appointment of counsel.

"strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010).

Smith asserts that the requested video footage is "extremely relevant" to his excessive force claims and "need to be present[ed to] the court." He alleges that "the administration here . . . is very well known for destroying or tampering with the evidence." Smith does not cite any instance in which a court has determined that the defendant prison officials or their colleagues have purposefully destroyed or tampered with video footage related to inmate litigation. Smith's vague and conclusory statements are insufficient to support a finding that harm to the video footage he seeks is either likely or imminent. As he thus fails to satisfy two of the four factors under the Winter test, the court denies his "motion for injunction" without further discussion. In the interest of justice, however, the court will request that prison officials make every effort to preserve the requested video footage until after this case has been fully resolved. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to the defendants, in care of the Office of the Attorney General of Virginia, Prisoner Litigation Unit.

ENTER: This 27th day of August, 2013.

_____
Senior United States District Judge

2