CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
OCT 17 2013
JULIA C. ...EY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **COREY JERMAIN SMITH,** | ) | CASE NO. 7:13CV00329 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| **LT. ELY, ET AL.,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| **Defendant(s).** | ) | |

Plaintiff Corey Jermaine Smith has submitted a letter, which the court construes as a motion for interlocutory injunctive relief. Smith filed this pro se, prisoner civil rights action under 42 U.S.C. § 1983, alleging that certain officials at Wallens Ridge State Prison used excessive force against him in July 2012. Smith is now incarcerated at Red Onion State Prison and states that, without court intervention, he fears certain officers there will harm him because of this pending lawsuit. After review of the record, the court denies the motion.

On September 19, 2013, Officer Taylor allegedly told Smith that if he did not drop this lawsuit, Taylor would beat him. Smith refused, and Taylor allegedly assaulted Smith by using "mix[ed] martial art wrist locks" that caused Smith to suffer "extreme pain to [his] left arm and wrist, "busted thumb finger, and los[s] [of] partial feeling in [his] left thumb." (ECF No. 45, at 1.) He received some medical treatment, but later reported the assault to Sgt. Miller and asked for additional medical treatment. Miller allegedly told Smith to lie down or Miller would come and beat him. When Lt. Franklin and Miller came to Smith's cell to talk about a grievance Smith filed, Miller accused Smith of lying about the assault and lying to the nurses. Miller has allegedly threatened to beat Smith if he comes out of his cell. Smith alleges that he has written letters about this situation to the warden and to prison administrators in Richmond, but has

received no help. Smith also alleges that Taylor has threatened to destroy all of his personal property, including his legal work on this lawsuit.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest."[1] Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) ((quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). Each of these four factors must be satisfied. Id. at 346.

Moreover, an interlocutory injunction can be warranted only where the movant establishes a relationship between the injury claimed in the motion and the conduct giving rise to the complaint itself. Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). Without this proven relationship, the court should not consider the factors for preliminary injunctive relief. In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003), abrogation on other grounds recognized in Bethesda Softworks, LLC v. Interplay Entm't Corp., No. 11-1860, 2011 WL 5084587, at *2 (4th Cir. Oct. 26, 2011).

Smith fails to state any facts connecting the defendants' conduct underlying his claims in the complaint (events at Wallens Ridge) to the potential harms he asserts in his current motion (based on the conduct of individuals at Red Onion). The Red Onion officers are not parties to

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Smith is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

this lawsuit and played no role in the claims before the court. Accordingly, the court cannot find that any interlocutory injunctive relief regarding their conduct is warranted in this case against the Wallens Ridge defendants, and the motion must be denied. An appropriate order will issue this day.

If Smith fears assaults from guards at Red Onion, he may take appropriate steps under the administrative remedies procedures to request protective custody. After completing the grievance procedure through to the highest level of appeal, if he still feels that prison officials are not adequately protecting him, Smith can then raise such claims against appropriate Red Onion defendants in a new and separate lawsuit. See 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies before bringing a federal civil action).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of October, 2013.

/s/ James C. Turk
Senior United States District Judge