CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 25 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **COREY JERMAINE SMITH,** | ) | CASE NO. 7:13CV00329 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **LT. ELY, ET AL.,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Corey Jermaine Smith, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison staff used excessive force against him and/or denied him medical treatment. Defendant Glenda Meade,[1] a nurse, has filed a motion to dismiss, to which plaintiff has responded with additional, unsworn allegations and argument. Other defendants, represented by separate counsel, have filed an answer. Upon review of the record, however, the court concludes that Smith's complaint must be summarily dismissed, because he failed to exhaust available administrative remedies, as required under 42 U.S.C. § 1997e(a).

I

The facts, taken in the light most favorable to Smith, are these. On July 18, 2012, in the process of transporting him to Red Onion State Prison, corrections officers from Wallens Ridge State Prison beat him and shocked him with an electronic belt. When Nurse Meade came to perform an inmate medical screening on him at Red Onion, she looked at his injuries and said, "You will live[,] boy[.] Welcom[e] to Red Onion." (ECF No. 1-1, at 10.) Meade did not provide Smith with any treatment. During Smith's intake examination by Dr. Miller on July 26,

---

[1] Smith sometimes refers to the defendant as Nurse Tate. Because the defendant refers to herself as Glenda Meade, the court will use this name.

2013, Meade told Smith to put in a sick call request if he wanted treatment for his back. Miller looked at the injuries, but provided no treatment. Smith claims that, other than Motrin, he has received no treatment for the burns and a large, painful "keloid" has allegedly formed where the burns were.

When Smith filed this action, he submitted a "Verified Statement," indicating that he had "exhausted [his] administrative remedies in the following fashion and [had] attached copies of grievances demonstrating completion." (ECF No. 2.) His submissions, including his sworn "affidavit" (ECF No. 3), indicate that on August 7, 2012, Smith filed an informal complaint, stating that he had been "assaulted [and] shocked with the belt" on July 18, 2012; he received a receipt within two days, but never received a response. (ECF No. 2, at 5.) On December 1, 2012, Smith filed a second informal complaint about the July 18 incident and received a response dated December 20, 2012. (Id. 2.) Smith then filed a regular grievance on January 9, 2013, which was rejected as untimely filed; this intake decision was upheld on appeal. (Id. 3-4.)

II

The Prison Litigation Reform Act ("PLRA"), among other things, provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and even if the form of relief the inmate seeks in his lawsuit is not available through the prison's grievance proceedings. Id. Failure to follow the required procedures of the prison's administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548

U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the court may summarily dismiss the complaint on that ground. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 682 (4th Cir. 2005).

As indicated in Smith's submissions, Operating Procedure ("OP") 866.1 is the written administrative remedies procedure that inmates in the Virginia Department of Corrections ("VDOC") must follow to comply with § 1997e(a). An inmate must first attempt to resolve his issues informally by completing an informal complaint form for which he receives a receipt. As the form itself states, if the inmate does not receive a response to his informal complaint within 15 days, he may file a regular grievance, using his receipt as evidence that he attempted the informal complaint process. A regular grievance must be filed within 30 days of the occurrence. If the intake officer rejects the grievance as not timely filed, the inmate then has 5 days to appeal that intake decision to the regional ombudsman, whose decision is final.

Smith states that his submitted documentation demonstrates his exhaustion of administrative remedies as to the claims raised in his complaint. These documents, however, do not support this conclusory assertion. Instead, Smith's documents clearly indicate that he did not comply with the time limits of OP 866.1. He first filed an informal complaint on August 7, 2012, nearly three weeks after the incident, which did not leave sufficient time for him to receive a response and file a timely grievance within 30 days of the July 18, 2012 incident. Moreover, officers' failure to respond to the August 7, 2012 informal complaint did not prevent Smith from filing a timely grievance, using the receipt. Yet, Smith failed to take any further step in the grievance procedure until December of 2012 and did not file his regular grievance until nearly six months after the incident of which he complains. In so doing, Smith deprived officials of the opportunity to investigate his complaints promptly and take appropriate action. Smith's affidavit

3

and documentation do not indicate that he ever filed an informal complaint and regular grievance concerning his complaint about Meade's alleged failure to provide medical treatment for his injuries on July 18, 2012, and thereafter.

Because it is clear from Smith's sworn affidavit and other submissions that he did not file an informal complaint and grievance within the time limits of OP 866.1 as to the claims raised in this action, the court finds that he did not properly exhaust available administrative remedies and is barred under § 1997e(a) from bringing this lawsuit. On this ground, the court will summarily dismiss the action and dismiss all pending motions as moot. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of October, 2013.

                                              Senior United States District Judge